# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-18-47-SLP-6 |
| ) | |
| ERIC STEPHEN SELF, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Before the Court is Defendant's Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e)(1) [Doc. No. 1699]. The Government has responded, [Doc. No. 1701], and opposes Defendant's requested relief.

Defendant was one of thirty-two defendants indicted on March 7, 2018. He was charged in seventeen counts related to drug conspiracy, possession of methamphetamine with intent to distribute, and unlawful use of a communication facility. PSR [Doc. No. 972]. Pursuant to a plea agreement, Defendant pled guilty to a one-count Superseding Information for conspiracy to possess with intent to distribute methamphetamine. Defendant was identified as the primary distributor of methamphetamine for the leader of the conspiracy. *Id.* ¶ 18. On October 2, 2020, the Court sentenced Defendant to 120 months of imprisonment and five years of supervised release. [Doc. No. 1486]. Defendant has been under supervised release since November 12, 2024. *See* [Doc. No. 1699]; [Doc. No. 1701] at ¶ 4.

In support of his request, Defendant states that he has largely complied with all conditions of his supervised release; however, he acknowledges that he failed to report for drug testing one time. [Doc. No. 1699]. The Government, however, notes that he has failed to report on two occasions, though he promptly tested negative soon thereafter. [Doc. No. 1701] at 4. Defendant further states that he has taken positive steps toward rehabilitation and generally asserts that early termination would enable him to pursue additional job opportunities that require more flexible commitment or travel.

In response, the Government offers that having conferred with the United States Probation Office, it opposes early termination. The opposition largely stems from Defendant's criminal history, his two instances of noncompliance while on supervised release, and the fact that he has only completed twenty percent of his supervised release. Further, the Government notes that there is no claim or evidence that supervision has hindered Defendant's ability to maintain success and a positive trajectory.

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after expiration of one year of supervision if, after considering certain factors under 18 U.S.C. § 3553, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1); *see also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Upon consideration of Defendant's Motion, the Government's Response and the factors set forth in § 3553, the Court finds that early termination of Defendant's term of supervised release is not warranted. The Court encourages Defendant to continue with the progress he has made during his period of supervision and to successfully complete the

remainder of his term.   But the Court finds early termination of Defendant's supervised release is not warranted at this time.

  IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 1699] is DENIED.

  IT IS SO ORDERED this 2nd day of January, 2026.

_[signature]_

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE